## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**DAVID W. CHARLES**                                                    **PLAINTIFF**
**#112850**

**V.**                              **NO. 3:25-cv-00073-LPR-ERE**

**RONNIE COLE, *et al.***                                              **DEFENDANTS**

## ORDER

*Pro se* plaintiff David W. Charles, formerly an inmate at the Clay County

Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. § 1983.

*Doc. 2*. Mr. Charles' complaint alleges that: (1) Defendants Sheriff Ronnie Cole, Dr.

Darrell Elkin, Administrator Hope Burns, and unidentified nurses and jailers failed

to provide him medical care and medication; and (2) these County Defendants had

a custom of failing to provide inmates' adequate medical care. He sues Defendants

in their individual and official capacities seeking monetary and injunctive relief.

For screening purposes,[1] Mr. Charles has stated medical deliberate

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

indifference claims against each named Defendant. Service is now proper for those claims.[2]

IT IS THEREFORE ORDERED THAT:

1.      The Clerk of Court is directed to prepare summonses for Ronnie Cole, Darrell Elkin, and Hope Burns.

2.      The United States Marshal is directed to serve each of these Defendants with a summons and a copy of the complaint (with any attachments) (*Doc. 2*), without requiring prepayment of fees and costs or security. Service for these Defendants should be attempted through the Clay County Detention Center, 268 South 2nd Avenue, Piggott, Arkansas 72454.

SO ORDERED 14 April 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Mr. Charles is reminded that he is responsible for providing sufficient identifying information and valid service addresses for the unidentified Doe Defendants named in his complaint. Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit.