# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DAVID W. CHARLES**                                                                            **PLAINTIFF**
**#112850**

**V.**                          **NO. 3:25-cv-00073-LPR-ERE**

**RONNIE COLE**, *et al.*                                                           **DEFENDANTS**

## ORDER

*Pro se* plaintiff Davd W. Charles has moved to amend his complaint to add Jail Administrator Candy Fry as a party Defendant.[1] For the following reasons, his motion to amend is denied.[2]

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(3). However, a litigant does not have an absolute right to amend pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir.2 008) (citation omitted). A district court may deny leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the non-moving party, or futility

---

[1] In his motion, Mr. Charles also asks to dismiss his claims against Defendants Darrell Elkin and Hope Burns. That request is addressed in a separate Recommendation.

[2] Motions to amend are nondispositive pretrial motions, appropriately decided by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). See *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (designating magistrate judge's denial of motion to amend as an "order denying [a] nondispositive pretrial motion").

of the amendment." *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

In his original complaint, Mr. Charles claims that he received inadequate medical care during his incarceration at the Clay Detention Center. He alleges that several people, including the detention center administrator, who he identifies as Hope Burns, "provide[] medicine and medication attention to those who are sick or injured." *Doc. 2 at 5*. However, Mr. Charles alleges no specific conduct on the part of the jail administrator.

In his motion to amend, Mr. Charles states that "the jail administrator needs to be changed to Candy Fry," but he again fails to include any actual allegations regarding conduct on Ms. Fry's part that contributed to his injury. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Occupying a supervisory position, standing alone, is not a basis for imposing § 1983 liability. See *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually

knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

Because Mr. Charles' proposed amendment fails to allege facts to state a plausible constitutional claim for relief against Ms. Fry, it would be futile to grant his motion to amend.[3] *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (holding that a court may deny a plaintiff's motion to amend the complaint when such amendment would be futile).

IT IS THEREFORE ORDERED THAT:

1. Mr. Charles' motion to amend (*Doc. 43*) is DENIED.

2. Mr. Charles may file a new motion asking to either replace his current complaint with an amended complaint or to supplement it.[4]

---

[3] To state a plausible claim for medical deliberate indifference against Ms. Fry, Mr. Charles must allege facts that, taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) Ms. Fry "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). Mr. Charles' motion contains no facts to show: (1) what *objectively serious* medical need he suffered from; (2) how Ms. Fry was aware of his need for medical treatment; (3) how Ms. Fry denied his requests for medical treatment; and (4) how he was harmed as a result of medical treatment being delayed or denied.

[4] Mr. Charles may file a proposed amended complaint that details all his proposed claims in this lawsuit, in which case the amended complaint will replace the original complaint (*Doc. 2*). *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (An amended complaint supersedes the original complaint, rendering the original complaint without legal effect). Alternatively, he may ask to file a supplement to his original complaint detailing only new allegations, which together with the original complaint, will serve as his operative pleading. See *Kiir v. North Dakota Public Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the

3

SO ORDERED 22 October 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

original complaint," should be read together with original complaint as plaintiff's complaint).